IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIK ISOM, HS-3329,         )
    Petitioner,         )
                        )
    v.                  )   2:13-cv-301
                        )
SUPERINTENDENT FISHER, et al., )
    Respondents.        )

REPORT and RECOMMENDATION:

I.  Recommendation:

It is respectfully recommended that the Motion to Dismiss the petition of Erik Isom (ECF 12) be granted and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II.  Report:

Presently before the Court for disposition is the respondents' motion to dismiss in which it is alleged that the petition for a writ of habeas corpus is premature.

Erik Isom an inmate at the State Correctional Institution at Smithfield has presented a petition for a writ of habeas corpus. Isom is presently serving a three and half to ten year sentence imposed following his conviction, by a jury, of burglary, criminal trespass, attempted theft by unlawful taking, criminal conspiracy to commit burglary, and conspiracy to commit theft by unlawful taking at No. CP-63-2123-2007 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on August 15, 2008.[1]

    In support of the present motion, the District Attorney represents that following the imposition of sentence an appeal was filed in the Superior Court which Court on February 12, 2010 affirmed the judgment of sentence, and relief was not sought from the Pennsylvania Supreme Court. Subsequently, a post-conviction petition was filed on or about June 7, 2011, where the delayed filing has apparently been excused and new counsel appointed who was direct to file an amended petition or a no-merit letter on or about June 18, 2012, and that as of the filing

---

[1] See: Petition at ¶¶ 1-6.

1

of the motion on May 14, 2013, the post-conviction petition was still pending in the Court of Common Pleas. For this reason, the respondents conclude that the instant petition is premature.

In response, petitioner contends that the exhaustion requirements should be excused in light of the "inordinate procedural delay and judicial misconduct" (ECF 4).

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

The petitioner was sentenced on August 15, 2008 and the judgment of sentence was affirmed on February 12, 2010. He did not file a post-conviction petition until June 7, 2011. While on its face the latter petition appears to have been untimely, the trial court apparently found some basis for waiving the timeliness issue and the matter is presently pending before that

court.[2] The docket sheet of the Court of Common Pleas reflects that since the post-conviction petition was filed three different attorneys have been appointed to represent the petitioner, and as of this date the matter remains pending.[3]

Clearly the petitioner has not been subject to the undue delays cautioned against by the Third Circuit in <u>Story v. Kindt</u>, 26 F.3d 402 (3d Cir.) cert. denied 513 U.S. 1024 (1994). Rather in the present case, the post-conviction petition has been pending for two years and new counsel has been appointed to represent the petitioner three times and there is no basis for concluding that under the circumstances present here, the delay has been inordinate.

Accordingly, it is recommended that the motion to dismiss the petition of Erik Isom for a writ of habeas corpus be granted, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: July 3, 2013          United States Magistrate Judge

---

[2] 42 Pa.C.S.A. §9544(b)(1) ("any petition under this subchapter … shall be filed within one year of the date the judgment becomes final…).
[3] See: http://ujsportal.pacourts.us at Washington County docket No. CP-63-CR-2123-2007;