IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK ISOM, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 13-301 |
| | ) Judge Cathy Bissoon |
| v. | ) Magistrate Judge Robert C. Mitchell |
| | ) |
| SUPERINTENDENT JON FISHER, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM ORDER**

Erik Isom ("Petitioner") is a state prisoner who brings the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his 2008 conviction in the Court of Common Pleas of Washington County, Pennsylvania, of burglary, criminal trespass, attempted theft by unlawful taking, criminal conspiracy to commit burglary, and conspiracy to commit theft by unlawful taking. (Doc. 1 at 1).

This matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. On May 14, 2013, Respondents moved to dismiss this case because Petitioner's post-conviction relief petition still was pending in state court.[1] (Doc. 12).

---

[1] Respondents also asserted in this motion that Petitioner's post-conviction relief petition was untimely because Petitioner had failed to file it within one year of his conviction becoming final, as is required under state law. (Doc. 12 at 2 n.4). Respondents explicitly stated that Petitioner had not sought direct review of his conviction from the Pennsylvania Supreme Court, which would have tolled this filing period. Id. Petitioner responded that he did, in fact, seek such permission, and attached a copy of the Pennsylvania Supreme Court's docket sheet to prove it. (Doc. 23-3). The docket sheet appears to indicate that a petition for *allocatur* was timely filed under state law. Id. at 4. A search on the Pennsylvania Unified Judicial System's website, http://ujsportal.pacourts.us/DocketSheets/Appellate.aspx, for cases before the Pennsylvania Supreme Court, to which Petitioner was a party, returns the same docket sheet. While the existence of such a petition ultimately is irrelevant to the resolution of the pending motion to (continued…)

1

The magistrate judge issued a report and recommendation on July 3, 2013, recommending that this petition be dismissed for this reason, and that a certificate of appealability be denied. (Doc. 22). Petitioner timely filed objections to the report on July 15, 2013. (Doc. 24).

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation (Doc. 22), Petitioner's objections thereto (Doc. 24), and Petitioner's supplemental filings (Doc. 23), the following ORDER is entered:

AND NOW, this 24th day of July, 2013,

IT IS HEREBY ORDERED that Respondent's motion to dismiss (Doc. 12) is GRANTED, and Petitioner's petition for writ of habeas corpus is DISMISSED, WITHOUT PREJUDICE to Petitioner seeking further relief if his post-conviction petition is not resolved at by trial court in 90 days, or he exhausts his state court remedies, as appropriate.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's pending motions (Docs. 13 and 16) are DENIED as MOOT.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (Doc. 22), as amended by this order, is adopted as the opinion of this Court.

---

dismiss, Respondents' seeming oversight raises serious questions that will need to be addressed, should Petitioner file a subsequent habeas petition in this Court.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):
counsel of record

ERIK ISOM
HS3329
1120 Pike St., PO Box 999
Huntingdon, PA 16652